UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ESTHER FLUTE,<br><br>Defendant. | 3:21-CR-30088-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

In June 2022, this Court sentenced Defendant Esther Flute to a 71 months in prison for voluntary manslaughter. Flute has moved for compassionate release under 18 U.S.C. § 3582. Doc. 52. In support of her motion for compassionate release, Flute submits that due to her age and health condition she is unable to handle the rigors of prison. Id. at 8. Flute proposes that upon her release she will be able to stay with her son and his wife in Chamberlain, South Dakota, where she will have transportation to and from a nearby medical facility. Id. Because Flute has not shown that she has exhausted her administrative remedies, this Court dismisses the motion for compassionate release without prejudice.

In general, federal sentences are considered final judgments because a federal court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021). However, in 2018, Congress passed the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated

1

defendants to file motions directly with the court seeking compassionate release once they have exhausted administrative remedies. United States v. Rodd, 966 F.3d 740, 744 (8th Cir. 2020). "The inmate also may go directly to the court if the warden of the inmate's facility does not respond to the inmate's compassionate-release request within 30 days." Id. "Compassionate release provides a narrow path for defendants with 'extraordinary and compelling reasons' to leave prison early."

"According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies." United States v. Houck, 2 F.4th 1082, 1083 (8th Cir. 2021). A defendant may move for a sentence reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "This requirement is a mandatory claim-processing rule" and "must be enforced so long as the opposing party properly raises it." Houck, 2 F.4th at 1084 (citations omitted). "Thus, courts dismiss unexhausted compassionate-release motions without prejudice." Id.

Flute's motion asserts that she submitted a request for compassionate release to the warden of the institution where she is incarcerated[1] on August 26, 2022, but she provides no supporting documentation regarding that request, indicating only that she had not yet received a response from the warden at least by when her motion was filed on September 6, 2022. Doc. 52 at 6. The

---

[1] According to the government, Flute is currently in custody at the Winner City Jail rather than at a Bureau of Prisons Facility. Doc. 55 at 1.

government has not found any record of a request for compassionate release submitted by Flute before the filing of her motion in this Court. Doc. 55 at 1.

"It is the defendant's burden to establish that [s]he warrants a [18 U.S.C.] § 3582(c) reduction." United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). Flute's motion must be denied without prejudice for two reasons. First, Flute has not provided this Court with records to verify that she made a request for compassionate release to the warden of the institution where she is incarcerated; nor has she offered any refutation of the government's statement that it found no record of such a request. Second, even if Flute had proved she filed a verifiable request with the warden, she did not wait the requisite number of days before filing her motion before this Court. Flute says she submitted her request for compassionate release to the warden on August 26, 2022. Flute then filed her motion for compassionate release before this Court a mere eleven days later. The plain language of 18 U.S.C. § 3582(c)(1)(A) required Flute to wait either thirty days or until she heard back from the warden on her request, whichever was earlier, before bringing a motion for compassionate release on her own behalf in federal court  Accordingly, Defendant has failed to prove that she has exhausted her administrative remedies as required by 18 U.S.C. § 3582.[2]

For these reasons, it is

ORDERED that Flute's motion for compassionate release, Doc. 52, is denied without prejudice to refiling after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

---

[2] In the alternative, Flute's motion requests that this Court recommend that she be transferred to a Bureau of Prisons medical facility. Doc. 52 at 8. Whether Flute belongs in a federal medical facility is within the Bureau of Prison's ken and not up to this Court to decide or at this point nearly a year after sentencing to even recommend.

3

from the *verifiable* receipt of such a request by the warden of the defendant's facility, whichever is earlier.

DATED this 10th day of May, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE